UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEO F. SCHWEITZER, III, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 3:CV-06-1940 |
| UNITED STATES BUREAU OF PRISONS, et al., | : (Judge Kosik) |
| Defendants | : |

**Memorandum and Order**

Leo F. Schweitzer, III, an inmate currently confined at the Federal Prison Camp at Canaan (FPC-Canaan), Pennsylvania, filed this action on October 2, 2006, pursuant to 28 U.S.C. § 1331.[1] He utilizes a form used for filing a civil rights complaint and names as Defendants the Bureau of Prisons, nine (9) employees at the Federal Detention Center at Philadelphia, two (2) employees of the United States Parole Commission, and four (4) employees at the FPC-Canaan. The complaint, as submitted, is very disjointed and difficult to follow. However, after reviewing Plaintiff's submission, the court is of the belief that it is ultimately habeas corpus relief that Plaintiff seeks to obtain. As such, for the reasons that follow, his complaint will be dismissed without prejudice to file a habeas corpus action.

---

[1] Plaintiff completed this court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on November 1, 2006, directing the warden at Plaintiff's place of confinement to commence deducting the full filing fee from plaintiff's prison trust fund account. Because the court will dismiss the action without prejudice to file a habeas corpus petition, the Clerk of Court will be directed to vacate the Administrative Order and return to Plaintiff any monies withdrawn pursuant to the Administrative Order.

I.    **Background**

Plaintiff's "complaint" consists of numerous exhibits, mostly copies of Inmate Requests to Staff Members, and an eight (8) page document he titles "Petition for Declaratory Judgment Review under Administrative Procedures Act Injunctive & Declaratory Relief" (Doc. 1). In reviewing these submissions, Plaintiff states that he had filed a previous § 2241 habeas corpus petition in this court, Civil Action No. 05-2042, challenging the calculation of his federal sentence. He states that the case was ultimately dismissed without prejudice on the basis of failure to exhaust through the BOP Administrative Remedy Process. (Doc. 1, Pet. at 1.) His remaining documents reveal that he is challenging the calculation of his sentence with regard to the calculation of time credit by the BOP and his belief that he has exceeded his statutory maximum. He repeatedly sets forth his attempts to present this issue through the BOP system. He cites to at least twenty (20) Inmate Requests to Staff forms he has filed, and seems to suggest that the BOP has either failed to meaningfully review his claims or respond effectively. (Id. at 6.) As relief, he requests this court to order sentence time credit and direct the Defendants to correct their records with corrected sentence computation sheets.

II.    **Discussion**

It is clear that granting the relief Plaintiff seeks would impact the length of his confinement. There is little doubt that Plaintiff's underlying mission is to have alleged errors in the calculation of time credit remedied and his sentence recalculated accordingly. In this action he appears to request that the court overlook any requirement of further exhaustion based upon his claims that he has done the best he can to exhaust, and undertake a review of his sentence calculation by the BOP. It is well-settled that a habeas corpus petition is the proper mechanism brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 990 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal

habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). While Plaintiff may not be challenging his underlying criminal conviction and the sentence as imposed, the declaratory relief he seeks, if granted, would necessarily impact the execution of his sentence in terms of the duration of his confinement. Any argument he desires to make with regard to exceptions to the exhaustion requirement could be advanced in any habeas action. Accordingly, the complaint will be dismissed without prejudice to any right Plaintiff may have to pursue his claims in a properly filed habeas corpus petition.

**NOW, THIS 3rd DAY OF NOVEMBER, 2006, IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court is directed to vacate the Administrative Order issued in this case (Doc. 7) and return any monies to Plaintiff collected pursuant to the Administrative Order.

2. The complaint is dismissed without prejudice.

3. Plaintiff, if he so chooses, may reassert his claims in a properly filed habeas corpus action.

4. The Clerk of Court is directed to close this case.

                                          s/Edwin M. Kosik
                                          United States District Judge